**In re the Petition for DISCIPLINARY ACTION AGAINST Carl David NELSON, an Attorney at Law of the State of Minnesota.**

**No. C9–91–736.**

Supreme Court of Minnesota.

May 20, 1991.

**112**

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Carl David Nelson has committed professional misconduct warranting public discipline. In the petition, the Director alleges that respondent represented the estate of decedent Anderson, who died at the age of 82; that the decedent was survived by five elderly siblings, including a sister who subsequently was appointed estate administrator; that the sister informed respondent that she believed that the decedent had intended to execute a will leaving everything to her because of a long-standing disagreement between the decedent and his other siblings and because of things the decedent allegedly said to the sister; that respondent sent a letter to the decedent's siblings stating that he represented the estate, but thereafter assisted the sister in her efforts to further her own interests, despite the obvious conflict of interest; that respondent assisted the sister in her improper use of estate funds and in her attempts to achieve personal gains in violation of the sister's fiduciary duties; and that respondent made numerous misrepresentations to decedent's siblings with regard to their options in the probate proceedings.

Along with the petition, the Director filed a stipulation for discipline between the Director and the respondent, specifically noting in a memorandum to the court that the respondent had practiced law for 25 years without being disciplined, that the misconduct alleged in the petition occurred over a short period of time and that at no time was respondent acting to further his own interests. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand and agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Carl David Nelson, hereby is publicly reprimanded pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the respondent shall undertake a program of further education in legal ethics, which program shall involve a minimum of 20 hours of education with the involvement of a law school professor teaching in the area of ethics or another recognized expert. The specific details of the program shall be subject to the advance approval of the Director.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.